IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON EARL JONES, | CASE No. 1:12-cv-01432-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR REMAND AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS |
| vs. | |
| WILLIAM ADAMS, et al., | (ECF Nos. 5, 8) |
| Defendants. | FOURTEEN (14) DAY DEADLINE |

## I. PROCEDURAL HISTORY

Plaintiff Jason Earl Jones is a state prisoner proceeding pro se in this action originally filed on November 3, 2011 in Kern County Superior Court.[1] (ECF No. 1, Ex. A.) All Defendants except Defendant Adams have been served. (ECF No. 1 at 2.) Defendants Borrero, Gricewich, Phillips, Tarnoff, Wilson and State of California ("Defendants") removed this action from state court based upon federal question jurisdiction on August 27, 2012. (Id.) Plaintiff declined Magistrate Judge jurisdiction.

---

[1] Jason Earl Jones v. State of California, et al., Kern County Superior Court Case No. S-1500-cv-275419-SPC.

(ECF No. 4.)

Plaintiff filed a motion for remand on September 17, 2012. (ECF No. 5.) Defendants filed a statement of non-opposition to Plaintiff's motion for remand on September 21, 2012.[2] (ECF No. 7.) Plaintiff filed a motion for sanctions on September 26, 2012 pursuant to Fed. R. Civ. P 11(b) for Defendants' improper removal. (ECF No. 8.) Defendants filed opposition to the motion for sanctions on October 3, 2012. (ECF No. 9.) The motions for remand and for sanctions are now before the Court.

## II.  SUMMARY OF COMPLAINT

Plaintiff's Complaint alleges causes of action arising at Kern Valley State Prison ("KVSP") for civil rights and state law violations including denial of access to court, due process, equal protection, imposition of cruel and unusual punishment, retaliation for exercise of constitutional rights, deliberate indifference to medical needs and prison conditions, interference with prison mail, transgressions relating to rules violations, prison programming, prison records, libel, general negligence and medical negligence. (Notice of Removal, Ex. A. at 7, 9-28.)

Named as Defendants are corrections and medical staffers at KVSP, the California Department of Corrections and Rehabilitation ("CDCR") and the State of California. (Id. at 3-28.)

Plaintiff seeks monetary, declaratory and injunctive relief. (Id. at 3.)

## III.  ARGUMENT

### A.  Remand

Plaintiff argues removal was defective in that this action does not arise under § 1983. The alleged civil rights violations, according to Plaintiff are incidental to state law causes of action and arise under the California Constitution rather than the U.S.

---

[2] Defendants condition their non-opposition on "the understanding that [Plaintiff] is abandoning any federal claims that he may have asserted and he is limiting his lawsuit to state law claims upon remand." Statement of Non-Opposition at 2:1-3.

Constitution, such that there is no federal question jurisdiction. Defendants are "racketeers" and any action against them would be brought under 18 U.S.C. § 1964, a statute not alleged in the Complaint.[3]

Defendants argue Plaintiff's Complaint sets forth federal claims such that removal was proper under 28 U.S.C. 1441(a) based upon alleged 42 U.S.C. § 1983 violations of the First, Eighth, and Fourteenth Amendments of the U.S. Constitution.

**B.  Sanctions**

Plaintiff claims Defendants' removal of this action was frivolous, was based upon intentional misstatements and was for the purpose of delay such that Rule 11(b) sanctions are appropriate.

Defendants contend Plaintiff's motion is conclusory, lacks facts suggesting that removal was unreasonable and thus is insufficient to show an improper and frivolous filing. G.C. and K.B. Investments, Inc. v. Wilson, 326 F.3d 1096, 1109 (9th Cir. 2003). They point out that Plaintiff checked the "Civil Rights" box on the first page of his Complaint; labels his first, second, fifth, sixth, seventh, eighth, and ninth causes of action as "civil rights" claims; and states that Defendants violated his rights to equal protection, freedom from cruel and unusual punishment, and retaliated for his exercise of constitutional rights. These allegations, according to Defendants reasonably implicate rights under the First, Eighth and Fourteenth Amendments of the U.S. Constitution that may be litigated under 42 U.S.C. § 1983.

**IV.  ANALYSIS**

**A.  Removal to Federal Court was Proper**

The Complaint in this case facially supports subject matter jurisdiction in federal court because Plaintiff alleges violation of his federal constitutional rights. 28 U.S.C. §

---

[3] Plaintiff requests judicial notice of Jason Earl Jones v. State of California, et al., E.D. Cal. Case No. 1:11-cv-02104-AWI-DLB (PC), a prisoner civil rights action awaiting screening of alleging racketeering and civil rights claims against non-parties arising at KVSP.

1441. A defendant may remove any civil action brought in state court over which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a). That is, a civil action that originally could have been brought in federal court may be removed from state to federal court. A federal court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law," id., and existence of federal jurisdiction is determined by the complaint at the time of removal. Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979).

A case arises under federal law when an essential element of the plaintiff's cause of action involves a right or immunity created by a federal statute. Lapoint v. Mid-Atlantic Settlement Services, Inc. 256 F.Supp.2d 1, 3 (D.D.C. 2003) (citing Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal., et al., 463 U.S. 1, 8-11 (1983)).

Here, Plaintiff does not directly allege federal constitutional violations in his Complaint, but his civil rights causes of action arise under the First, Eighth and Fourteenth Amendments of the U.S. Constitution. Plaintiff argues that his claims actually arise under the California Constitution. However, he does not cite sections of the California Constitution consistent with such claims and he can not in any event bring viable claims for damages under what should have been the correctly cited sections. Javor v. Taggart, 98 Cal.App.4th 795, 807 (Cal.App. 2 Dist. 2002) ("It is beyond question that a plaintiff is not entitled to damages for a violation of the due process

-4-

clause or the equal protection clause of the state Constitution"); see also Giraldo v. California Dep't of Corr. and Rehab., 168 Cal.App.4th 231, 253-57 (Cal.Ct. App. 2008) (citing Katzberg v. Regents of the University of California, 29 Cal.4th 300, 329 (2002)) (there is no private cause of action for damages for violation of the cruel and unusual punishments clause of the California Constitution at article 1, section 17); id. at 329 (2002) (no implied right to seek damages and no available constitutional tort action for violation of California Constitution article 1, section 7(a)) (due process); Creighton v. City of Livingston, 628 F.Supp.2d 1199, 1218-19 (E.D. Cal. 2009) (no constitutional tort action for damages for violation of California Constitution article 1 section 2(a)) (free speech).

Such claims may be made in federal court pursuant to 42 U.S.C. § 1983. The federal court has subject matter jurisdiction over such claims even if Plaintiff does not explicitly cite to the federal statute in his Complaint. "Actions of which the District Courts have original jurisdiction are not subject to remand irrespective of whether the plaintiff intended to allege a federal or state claim, if a federal cause of action exists." Lennard v. Local 282 Pension Trust Fund, 391 F.Supp. 554, 557 (D.C.N.Y. 1975) (citing Francis H. Leggett & Co., v. O'Rourke, 237 F.Supp. 561 (S.D.N.Y. 1964)); see also Johnson v. Jumelle, 359 F.Supp. 361, 363 (D.C.N.Y. 1973) (where case properly removed to federal court, the jurisdiction of the state court ceased and not even the consent of all the parties could divest federal jurisdiction and confer state court jurisdiction absent statutory authority); Hearst Corp. v. Shopping Center Network, Inc., 307 F.Supp. 551, 555-56 (D.C.N.Y. 1969) (plaintiff's disclaiming any desire or intention to recover on anything other than a purely state cause of action not sufficient cause for remand). "Original jurisdiction does not mean exclusive jurisdiction." Lennard, 391 F.Supp. at 557.

Plaintiff's state law claims do not preclude removal because a federal court may

exercise supplemental jurisdiction over closely related state law claims. See 28 U.S.C. § 1367(a); Darnell v. Starks, 258 F.Supp. 31, 32 at n.2 (D.C.Or. 1966).

Defendants properly and timely removed the action from state court within 30 days of receiving notice of the filing of this action.[4] 28 U.S.C. § 1446(b). Plaintiff's motion to remand should be denied.

### B.  Sanctions are not warranted

Inasmuch as Defendants' removal of this action was reasonable, Defendants of course should not be sanctioned for such removal.

The standard for triggering a sanction under Rule 11 is objective unreasonableness, Margo v. Weiss, 213 F.3d 55, 65 (2d Cir. 2000), i.e. whether a reasonable attorney, upon an objectively reasonable inquiry into the facts and law, would have concluded the position taken was well-founded. Truesdell v. Southern California Permanente Medical Group, 209 F.R.D. 169, 174 (C.D. Cal. 2002). A court considering Rule 11 sanctions should consider whether a position taken was frivolous, legally unreasonable, or without factual foundation, even if not filed in bad faith. Id.

Here Plaintiff makes the rather bare assertion that removal was frivolous. The Court finds the removal proper. Planitiff has identified no sanctionable activity on the part of any Defendant. See In re Wal-Mart Employee Litigation, 271 F.Supp.2d 1080, 1085 (E.D. Wis. 2003) (no Rule 11 sanction where removing party had non-frivolous argument for removal); see also Costantini v. Guardian Life Ins. Co. of America, 859 F.Supp. 89, 91 (S.D.N.Y. 1994) (no Rule 11 sanctions where removal supported by an underlying factual predicate).

Plaintiff's motion for Rule 11(b) sanctions should be denied.

////////

---

[4] In cases involving multiple defendants, all defendants who have been served must consent to removal under 28 U.S.C. § 1441(a). Lapoint, 256 F.Supp.2d at 2.

## V. FINDINGS AND RECOMMENDATIONS

Accordingly, the undersigned hereby RECOMMENDS the following:

1. Plaintiff's motion for remand (ECF No. 5) be DENIED without prejudice, and

2. Plaintiff's motion for sanctions (ECF No. 8) be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days of entry of this order, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    October 23, 2012              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE