# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON EARL JONES, | CASE No. 1:12-cv-01432-LJO-MJS (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR REMAND AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS |
| v. | |
| WILLIAM ADAMS, et al., | |
| Defendants. | (ECF No. 10) |
| / | CASE TO REMAIN OPEN |

Plaintiff Jason Earl Jones is a state prisoner proceeding pro se in this action originally filed on November 3, 2011 in Kern County Superior Court[1] (ECF No. 1, Ex. A), and removed to this Court on August 27, 2012 by Defendants Borrero, Gricewich, Phillips, Tarnoff, Wilson and State of California, based upon federal question jurisdiction. (Id.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern

---

[1] Jason Earl Jones v. State of California, et al., Kern County Superior Court Case No. S-1500-cv-275419-SPC.

-1-

District of California.

On October 23, 2012, findings and recommendations denying without prejudice Plaintiff's motion for remand and denying Plaintiff's motion for sanctions (F&R Denying Remand and Sanctions, ECF No. 10) were filed in which the Magistrate Judge recommended that Plaintiff's motions for remand and for improper removal sanctions (ECF Nos. 5, 8) be DENIED. The parties were notified that objection, if any, was due within fourteen days.

On December 3, 2012, Plaintiff filed objections to the Magistrate Judge findings and recommendations. (Obj. to F&R, ECF No. 13.) Defendants did not file a reply to the objections and the time for doing so has passed. (F&R Denying Remand and Sanctions at 7:10-12.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

In his Objections, Plaintiff argues non-moving Defendant Adams has been served (Obj. to F&R at 1:23-25); his underlying Complaint does not allege any federal claim (id. at 2:18-22); the Eleventh Amendment bars the Court from analyzing his state law claims (id. at 6:20-23); the parties have stipulated to the absence of federal jurisdiction and to remand (id. at 3:2-4); and sanctions against Defendants for improper removal should be granted given Defendants' non-opposition to the remand motion and the absence of any federal claim in the Complaint. (Id. at 7:24-8:4.)

Plaintiff's objections lack merit and fail to raise any material issue of law or fact

under the findings and recommendations. He re-argues the merits of his remand motion. But apart from raising a purported Eleventh Amendment bar to the Court's review of his state law claims, he merely re-hashes arguments previously reviewed by the Court and found insufficient.

Nothing in the record establishes that Defendant Adams had been served at the time the removal petition was filed. Transport Indem. Co. v. Financial Trust Co., 339 F.Supp. 405, 407 (C.D. Cal. 1972).

The Complaint on its face alleges causes of action arising at Kern Valley State Prison ("KVSP") for civil rights and state law violations including denial of access to court, due process, equal protection, imposition of cruel and unusual punishment, retaliation for exercise of constitutional rights, deliberate indifference to medical needs and prison conditions, interference with prison mail, transgressions relating to rules violations, prison programming, prison records, libel, general negligence and medical negligence. (Notice of Removal, Ex. A. at 7, 9-28.) These claims implicate the First, Eighth, and Fourteenth Amendments of the U.S. Constitution and are within the original federal question jurisdiction of this Court.[2] 28 U.S.C. §§ 1331, 1441. Actions of which the District Courts have original jurisdiction are not subject to remand irrespective of whether the plaintiff intended to allege a federal or state claim, if a federal cause of action exists." Lennard v. Local 282 Pension Trust Fund, 391 F.Supp. 554, 557 (D.C.N.Y. 1975), citing Francis H. Leggett & Co., v. O'Rourke, 237 F.Supp. 561 (S.D.N.Y. 1964); see also Johnson v. Jumelle, 359 F.Supp. 361, 363 (D.C.N.Y. 1973) (where a case is properly

---

[2] Plaintiff in his objections cites to allegations in his motion to remand, extrinsic to his Complaint. The Court declines to consider such extrinsic allegations. Grable & Sons Metal Products, Inc., v. Darue Engineering & Mfg., 337 F.3d 592, 594 (6th Cir. 2004).

removed to federal court, the jurisdiction of the state court ceased and not even the consent of all the parties could divest federal jurisdiction and confer state court jurisdiction absent statutory authority.) The Court is not constrained from determining its own jurisdiction. Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 600 (9th Cir.1988); see also Bernstein v. Universal Pictures, Inc., 517 F.2d 976, 979 (C.A.N.Y. 1975).

Nor does the Eleventh Amendment deprive the Court of jurisdiction over actions involving allegedly unlawful state action. Vines. v. Howard, 676 F.Supp. 608, 613 (E.D. Pa. 1987). The existence of cognizable supplemental state law claim(s) as asserted by Plaintiff in his objections would not divest this Court of jurisdiction over implicated federal claims. 28 U.S.C. 1367.

Plaintiff's argument that any federal claims are not substantial, but merely ancillary to state law claims is factually unsupported. Warthman v. Genoa Township Bd. of Trustees, 549 F.3d 1055, 1064-65 (6th Cir. 2008); Hirschback v. NVE Bank, 496 F.Supp.2d 451, 454-55 (D.N.J. 2008).

Defendants statement of non-opposition, which is expressly conditioned on "the understand that Plaintiff is abandoning any federal claims that he may have asserted and is limiting his lawsuit to state law claims upon remand"[3], is not sufficient to waive removal rights, or divest federal jurisdiction and confer state court jurisdiction. Nowhere in the record does it appear that Plaintiff has effectively waived and abandoned federal claims. See Grubb v. Donegal Mut. Ins. Co., 935 F.2d 57, 59 (a waiver must be "clear

---

[3] F&R Denying Remand and Sanctions at 2, n.2, citing to Defendants' Statement of Non-Opposition at 2:1-3.

and unequivocal".)

It remains that original federal question jurisdiction exists under the Complaint. Plaintiff is not entitled to remand unless and until original federal question jurisdiction no longer exists, <u>Johnson v. Circuit City Stores, Inc.</u>, 71 F.Supp.2d 1026, 1028-29 (N.D. Cal. 1999), e.g., through amendment or dismissal.

Plaintiff's request for Rule 11(b) sanctions is not supported by facts establishing removal was objectively unreasonable for the reasons stated above, such that sanctions are not appropriate. <u>Warthman</u>, 549 F.3d at 1059.

Accordingly, IT IS HEREBY ORDERED that:

1. The Court adopts the findings and recommendations filed October 23, 2012 in full,

2. Plaintiff's motion for remand (ECF No. 5) is DENIED without prejudice, and

3. Plaintiff motion for sanction (ECF No. 8) is DENIED.

IT IS SO ORDERED.

**Dated:   December 14, 2012**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE