IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON EARL JONES,<br><br>            Plaintiff,<br><br>    vs.<br><br>WILLIAM ADAMS, et al.,<br><br>            Defendants.<br>_____/ | CASE No. 1:12-cv-01432-LJO-MJS (PC)<br><br>ORDER REMANDING ACTION TO KERN COUNTY SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(ECF No. 15)<br><br>CLERK TO CLOSE CASE |

Plaintiff Jason Earl Jones is a state prisoner proceeding pro se in this action originally filed on November 3, 2011 in Kern County Superior Court.[1] (Notice of Removal, ECF No. 1, Ex. A.) Defendants Borrero, Gricewich, Phillips, Tarnoff, Wilson and State of California ("Defendants") removed this action from state court based upon federal question jurisdiction on August 27, 2012. (Id.)

On December 14, 2012, the district judge assigned to this case adopted

---

[1] Jason Earl Jones v. State of California, et al., Kern County Superior Court Case No. S-1500-cv-275419-SPC.

-1-

1  magistrate's findings and recommendations denying without prejudice Plaintiff's
2  motions for remand and for sanctions. (Order Adopt F&R, ECF No. 14.)
3      On January 2, 2013, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii),
4  the parties filed a stipulation for voluntary dismissal with prejudice of all claims brought
5  under 42 U.S.C. § 1983, with all state law claims to be remanded. (Stip. to Dismiss.,
6  ECF No. 15.)
7      Accordingly, the Court finds that Plaintiff has exercised his right to rely
8  exclusively on state law, although the Court expresses no opinion on the viability of
9  those claims. Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (plaintiff is the
10 master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on
11 state law.)
12     When removal is based on the presence of a federal cause of action, a district
13 court may remand the pendent or supplemental state law claims to the state court
14 once the federal claims have been eliminated. See Harrell v. 20th Century Ins. Co.,
15 934 F.2d 203, 205 (9th Cir. 1991). The Court declines to exercise supplemental
16 jurisdiction over any state law claim absent a cognizable federal claim. 28 U.S.C. §
17 1367(a)(c); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th
18 Cir. 2001).
19     Because there is no remaining federal question and the Court declines
20 supplemental jurisdiction over state law claims, this Court lacks subject matter
21 jurisdiction. Remand to the Kern County Superior Court is appropriate. 28 U.S.C. §
22 1447(c); Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th
23 Cir. 2010).
24     For the reasons set forth herein, it is HEREBY ORDERED that:
25     1.    The Court declines to exercise supplemental jurisdiction over Plaintiff's
26         state law claims;
27
28

2. The Court expresses no opinion as to the merits of Plaintiff's state law causes of action;

3. This action is REMANDED forthwith to Kern County Superior Court due to this Court's lack of subject matter jurisdiction;

4. The Clerk of the Court shall serve a copy of this order on Kern County Superior Court; and

5. The Clerk shall close this case.

IT IS SO ORDERED.

Dated:   **January 5, 2013**         /s/  Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE